**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:10-CV-155-MR-DCK**

| | |
|---|---|
| **FRANK E. KLOPFER and wife, KATHY M. KLOPFER; DUSTIN P. SWARTZ and wife, KRISTIN H. SWARTZ** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **ORDER** |
| **QUEENS GAP MOUNTAIN, LLC, DEVINSHIRE LAND DEVELOPMENT, LLC, RYAN P. McCARTHY, DEVIN P. McCARTHY KEITH A. VINSON, QUEENS GAP ACQUISITION, LLC, COVE CREEK, LLC, QUEENS GAP HOLDING COMPANY, LLC, and D.F. McCARTHY XVIII, LLC,** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding subject matter jurisdiction. In its Complaint (Document No. 1), Plaintiffs allege that several Defendants are limited liability companies ("LLC"). (Document No. 1 at ¶¶ 6, 7, 12, 13, and 14). While Plaintiffs have alleged diversity as a jurisdictional basis for filing their Complaint in this Court, the state of incorporation and the place where such Defendants do business are not the relevant considerations when pleading diversity of a limited liability corporation. (Document No. 1, at ¶ 1). Thus, the Complaint contains a patent defect.

An LLC and a regular corporation are very different entities. A partnership is a citizen of all states in which its constituent partners are citizens. Carden v. ArkomaAssociates, 494 U.S. 185, 195 (1990). In turn, a limited liability company is a citizen of all states in which its constituent members are citizens. Id. In this case, the Complaint does not inform the Court as to the citizenship

of the Defendant LLCs' members.  As the parties are aware, the Court has an affirmative duty to question its subject-matter jurisdiction, even where the parties have not raised the issue.  Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court.  Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884).  The ability of the Court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment.  Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804).

The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).  When a court considers its subject-matter jurisdiction, the burden of proof is on the party seeking to establish the existence of jurisdiction.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In accordance with the reasoning of Adams and Carden, Plaintiffs shall be required to file with the Court a Notice of Citizenship of Defendants, in which they name and identify the citizenship of all the Defendant LLCs' constituent members or partners, and, for any such constituent members or partners that are also LLCs or partnerships, to identify the citizenship of their respective constituent members or partners, until all such constituents are fully identified.  See Carden, supra.  The parties may wish to review the recent decision of this Court in Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, 2010 WL 391279 (W.D.N.C. Jan. 26, 2010).

**IT IS, THEREFORE, ORDERED** that Plaintiffs file and serve a Notice of Citizenship of all LLC Defendants, on or before **September 3, 2010**.

**SO ORDERED.**

Signed: August 24, 2010

David C. Keesler
United States Magistrate Judge